FILED
JUN 1 2 2009
DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

CHRISTINE R. BUXTON and                                          PLAINTIFFS
GLENN BUXTON

V.                                       CIVIL ACTION NO. 2:09CV099-M-A

ERIC ORMSETH, M.D. and                                           DEFENDANTS
GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 (b) and 1332 (a) Defendants, Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C., file this Notice of Removal of Civil Action Number CV 2009-0114 from the Circuit Court of DeSoto County, Mississippi to the United States District Court for the Northern District of Mississippi, respectfully showing the Court as follows:

1.

Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C., are Defendants in a civil action brought in the Circuit Court of DeSoto County, Mississippi entitled *Christine R. Buxton and Glenn Buxton v. Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C.*, bearing Civil Action Number CV2009-0114.

2.

The Civil Cover Sheet is attached hereto as Exhibit A. Copies of all process and pleadings served on Defendants in said action are attached hereto as Exhibit B.

3.

Said action was commenced by the filing of a Complaint in the Circuit Court of DeSoto County, Mississippi on April 14, 2009. Defendants Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C. were served May 13, 2009. Defendants hereby file this Notice of Removal within 30 days of service of the Complaint. Defendants have filed a Notice of Filing of Notice of Removal in the Circuit Court for DeSoto County, Mississippi, a copy of which is attached hereto as Exhibit C.

4.

The controversy between Plaintiffs and Defendants is a controversy between citizens of different states.

    (a)    Plaintiffs are individuals and adult residents of Mississippi. *See* Complaint, ¶ 1.

    (b)    Defendant Eric Ormseth, M.D. is listed in paragraph 2 of the Complaint as an individual and adult resident of Mississippi. *See* Complaint, ¶ 2. However, Dr. Ormseth is not a resident of Mississippi. Rather, he is an individual and adult resident of Tennessee. *See* Affidavit of Eric Ormseth, M.D., attached hereto as Exhibit D.

    (c)    Defendant Gastroenterology Center of the MidSouth, P.C. is a professional corporation organized and existing pursuant to the laws of the State of Tennessee with its principal place of business in Tennessee. *See* Complaint, ¶ 3.

5.

Based on the allegations contained in Plaintiff's Complaint, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* generally Complaint.

6.

Because there is complete diversity of citizenship between Plaintiff and all Defendants – each Plaintiff is diverse from each Defendant – and because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), Defendants may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441.

7.

The pending action is one which may be removed to this Court, and this Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446, within thirty (30) days after receipt and service of Plaintiffs' Complaint.

WHEREFORE, Defendants Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C. pray that this Notice of Removal be filed; that said action bearing Civil Action No. CV2009-0114 from the Circuit Court of DeSoto County, Mississippi be removed to and proceed in this Court; and that no further proceedings be had in said case in the Circuit Court of DeSoto County, Mississippi.

Respectfully submitted,

Charles F. Morrow (#13890)
Ben J. Scott (#023879)
Attorneys for Defendants

OF COUNSEL:

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone:(901) 680-7200
Facsimile:(901) 680-7201

## CERTIFICATE OF SERVICE

    I, Ben J. Scott, one of the attorneys for Defendants, do hereby certify that I have caused to be served a true and correct copy of the above and foregoing instrument by mailing same via U.S. Mail, postage prepaid, to the following this the 12th day of June, 2009:

Zach Butterworth
Gary Yarborough, Jr.
Hesse & Butterworth, PLLC
841 Highway 90
Bay St. Louis, MS 39520

                                                                       _____
                                                                       Ben J. Scott

Memphis 1216188v.1

 **CT Corporation**

**Service of Process Transmittal**
05/13/2009
CT Log Number 514852376

| | |
|---|---|
| **TO:** | David Harano<br>Gastroenterology Center of the MidSouth, P.C.<br>1324 Wolf Park Drive<br>Germantown, TN 38138 |
| **RE:** | **Process Served in Mississippi** |
| **FOR:** | Gastroenterology Center of the Midsouth, P.C. (Domestic State: TN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christine R. Buxton and Glenn Buxton, Pltfs. vs. Eric Ormseth, M.D., and Gastroenterology Center of the Midsouth, P.C., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit "A" |
| **COURT/AGENCY:** | Desoto County Circuit Court, MS<br>Case # CV2009-0114 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - April 30, 2007 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/13/2009 at 09:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Zach Butterworth<br>Hesse & Butterworth, PLLC<br>841 Highway 90<br>Bay St. Louis, MS 39520<br>228-466-0020 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 792794262018<br>Email Notification, Denise Burke denise.burke@butlersnow.com<br>CC Recipient(s)<br>Denise Burke, via Regular Mail |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 601-936-7400 |

**EXHIBIT B**

Page 1 of 1 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**CHRISTINE R. BUXTON and**            **PLAINTIFFS**
**GLENN BUXTON**

**VERSUS**           CIVIL ACTION NO. CV2009-0114

**ERIC ORMSETH, M.D. and**
**GASTROENTEROLOGY CENTER OF THE**      **DEFENDANTS**
**MIDSOUTH, P.C.**

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO: Gastroenterology Center of the Midsouth, P.C.
Through CT Corporation System (its agent for service of process)
645 Lakeland East Drive, Suite 101
Flowood, Mississippi, 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Zach Butterworth, attorney for Plaintiffs, whose post office address is P.O. Drawer 3567, Bay St. Louis, MS 39521, and whose street address is 841 Highway 90, Bay St. Louis, Mississippi, 39520. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 15th day of April, 2009.

_Dale K Thompson_
Clerk of DeSoto County, Mississippi

_apuller, d.c._



**FILED**
JUN 1 2 2009
DAVID CREWS, CLERK
BY _____ Deputy

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

CHRISTINE R. BUXTON and                      PLAINTIFFS
GLENN BUXTON

VERSUS                CIVIL ACTION NO. CV2009-0114
                               USDC/MSND # 2:09CV099-M-A

ERIC ORMSETH, M.D. and
GASTROENTEROLOGY CENTER OF THE
MIDSOUTH, P.C.                               DEFENDANTS

## COMPLAINT

### JURY TRIAL REQUESTED

COME NOW PLAINTIFFS, CHRISTINE R. BUXTON and GLENN BUXTON, by and through counsel, and file this their Complaint against DEFENDANTS ERIC ORMSETH, M.D. and GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C. and would show unto the Court the following, to wit:

### A. THE PARTIES

1. PLAINTIFFS, CHRISTINE R. BUXTON (hereinafter "CHRISTINE BUXTON") and GLENN BUXTON, (hereinafter "GLENN BUXTON") are adult resident citizens of DeSoto County, Mississippi, and they have resided at 507 White Ash Drive, Southaven, Mississippi, 38671 at all times material hereto. CHRISTINE BUXTON and GLENN BUXTON are and have been married at all times material hereto, and they are hereinafter collectively referred to as "PLAINTIFFS."

2. DEFENDANT ERIC ORMSETH, M.D. (hereinafter "DEFENDANT ORMSETH") is an adult resident citizen of DeSoto County, Mississippi, and may be served with process at the Gastroenterology Center of the Midsouth, P.C., 7668B Airways Boulevard, Southaven, Mississippi, 38671.

**FILED**
APR 1 4 2009
_____

3. DEFENDANT GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C. (hereinafter "DEFENDANT GASTROENTEROLOGY CENTER") is a Tennessee professional corporation with its principal office address at 1324 Wolf Park Drive, Germantown, Tennessee, 38138, and who may be served with process by service upon its agent for service of process, namely CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

## B. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

4. This cause of action arises out of the breach of non-delegable, express and implied duties owed to PLAINTIFFS, and venue in this cause is proper in this Court as a substantial amount of the acts and omissions giving rise to PLAINTIFFS' *Complaint* occurred in this County.

## C. FACTS, BREACH OF STANDARD OF CARE BY DEFENDANT ORMSETH, VICARIOUS LIABILITY OF DEFENDANT GASTROENTEROLOGY CENTER, AND BREACH OF IMPLIED AND/OR EXPRESS WARRANTIES

5. PLAINTIFFS hereby incorporate by reference the allegations of paragraphs 1 through 4 as if completely restated herein.

6. At all times material hereto, DEFENDANT GASTROENTEROLOGY CENTER held itself out to the public as providing treatment and care in the medical field of gastroenterology and providing services in that field sufficient to meet the minimum standard of care. On information and belief, DEFENDANT GASTROENTEROLOGY CENTER entered into a contractual agreement with DEFENDANT ORMSETH for him to provide such services.

7. CHRISTINE BUXTON engaged the services of DEFENDANT GASTROENTEROLOGY CENTER without regard to the identity of a particular physician and CHRISTINE BUXTON relied upon DEFENDANT GASTROENTEROLOGY CENTER to deliver health care and treatment in the field of gastroenterology, including, but not limited to, providing her with the service of a colonoscopy and pre and post procedure care.

8. On or around April 30, 2007, CHRISTINE BUXTON appeared to DEFENDANT ORMSETH at the Gastroenterology Center of the Midsouth, P.C.'s office in Southaven, Mississippi for a routine colonoscopy. In all matters related to that colonoscopy, including, but not limited to pre and post colonoscopy care, preparation for the colonoscopy, during the colonoscopy procedure, and in follow-up treatment, CHRISTINE BUXTON was in the treatment and care of DEFENDANT ORMSETH.

9. Throughout such times, DEFENDANT ORMSETH owed CHRISTINE BUXTON a duty to provide her with that degree of care, skill, and diligence which would have been provided by a reasonably prudent, minimally competent physician when faced with the same or similar circumstances. Further, DEFENDANT ORMSETH owed CHRISTINE BUXTON a duty to provide health care and services that were within the standards to be expected of a similar health care provider under the same or similar circumstances.

10. Prior to performing that colonoscopy, DEFENDANT ORMSETH prescribed OSMOPREP to CHRISTINE BUXTON in preparation for the colonoscopy, and DEFENDANT ORMSETH directed CHRISTINE BUXTON to use such medication.

11. CHRISTINE BUXTON used the OSMOPREP prescribed to her by DEFENDANT ORMSETH as he directed and prescribed.

12. During his care and treatment of CHRISTINE BUXTON, DEFENDANT ORMSETH negligently and/or recklessly failed to provide her with that degree of care, skill and diligence which would have been provided by a reasonably prudent, minimally competent physician when faced with the same or similar circumstances.

13. Specifically, DEFENDANT ORMSETH negligently and/or recklessly failed to provide CHRISTINE BUXTON with that degree of care, skill and diligence which would have been provided by a reasonably prudent, minimally competent physician in his prescription to CHRISTINE BUXTON for the use of OSMOPREP and his direction to her to use such medication, which was contraindicated to CHRISTINE BUXTON.

14. DEFENDANT ORMSETH's aforementioned defaults, failures, negligence and breaches of the standard of care during his care and treatment of CHRISTINE BUXTON were the direct, sole proximate cause and/or contributing proximate cause of injuries, damages and illness suffered by CHRISTINE BUXTON. Such damages and illnesses, which CHRISTINE BUXTON suffered and continues to suffer, include, but are not limited to, illness, renal failure, past and future kidney and dialysis treatment and hospitalizations, loss of life expectancy, and all past and future medical expenses, costs, and other consequential damages, which have resulted from and which will result from said injuries. Further, as a result of the foresaid failures by DEFENDANT ORMETH and his breach of the standard of care and resulting medical

injuries, CHRISTINE BUXTON has suffered physical pain and emotional distress, as well as loss of enjoyment of life, and loss of consortium.

15. DEFENDANT ORMSETH's aforementioned defaults, failures, negligence and breaches of the standard of care during his care and treatment of CHRISTINE BUXTON were also the direct, sole proximate cause and/or contributing proximate cause of injuries and damages suffered by GLENN BUXTON. Such damages suffered by GLENN BUXTON include, but are not limited to, severe emotional distress, loss of enjoyment of life and loss of consortium stemming from the injuries his wife suffered, her physical condition and her emotional distress.

16. DEFENDANT GASTROENTEROLOGY CENTER is vicariously liable through the theories of agency and *respondeat superior* for all of the aforementioned damages and illnesses suffered by CHRISTINE BUXTON and GLENN BUXTON from the neglect, defaults, failures and breaches of the standard of care of its physicians, including, but not limited to, DEFENDANT ORMSETH. DEFENDANT GASTROENTEROLOGY CENTER is also liable to PLAINTIFFS for their aforementioned injuries, illnesses and damages for its and its physicians, including, but not limited to DEFENDANT ORMSETH's breaches of implied and/or express warranties of the ability to provide treatment and care in the field of gastroenterology in a matter sufficient to meet the minimum standard of care given the circumstances.

17. As indicated by the sworn Certificate of the undersigned counsel attached hereto as Exhibit "A," prior to instituting this action, PLAINTIFFS made a good faith investigation of their claims, reviewed the facts of the case and obtained the expert opinions of a physician qualified under the Mississippi Rules of Civil Procedure and the

Mississippi Rules of Evidence to testify as to the standard of care required of DEFENDANT ORMSETH in his treatment of CHRISTINE BUXTON and his negligence in such treatment. That expert is knowledgeable in the relevant issues involved in this action, and, as shown by the Certificate of Plaintiffs' counsel attached hereto as Exhibit "A," that expert's opinions are that there are reasonable grounds to believe that DEFENDANT ORMSETH's treatment and care of CHRISTINE BUXTON fell below the minimum standard of care of medical treatment required in the same or similar circumstances and resulted in the aforementioned damages, injuries and losses. Said sworn Certificate (Exhibit "A") also indicates that the attorney has concluded that on the basis of his aforementioned review and consultation that there is a reasonable basis for the commencement of this action, and that the required sixty (60) day notice was given to DEFENDANT ORMSETH and DEFENDANT GASTROENTEROLOGY CENTER of PLAINTIFFS' intention to file this *Complaint*. As such, all conditions precedent to the bringing of this action have been completed or have occurred.

**WHEREFORE PREMISES CONSIDERED**, PLAINTIFFS file this Complaint for damages against DEFENDANT ERIC ORMSETH, M.D. and DEFENDANT GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C. and demand judgment in a sum to be determined by a jury that is within the jurisdiction limits of this Court, and which amount is sufficient to compensate PLAINTIFFS for all their injuries and damages, as well as pre and post judgment interest, attorneys' fees, interests, costs, and all other relief this Court deems appropriate.

**RESPECTFULLY SUBMITTED** on this the ___15TH___ day of April, 2009.

PLAINTIFFS CHRISTINE AND GLENN BUXTON

By: _____
Zach Butterworth (MSB # 9946)
Gary Yarborough, Jr. (MSB #102310)
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Bay St. Louis, MS 39520
Tel. (228) 466-0020
Fax. (228) 466-0550

OF COUNSEL:

HESSE & BUTTERWORTH, PLLC

STATE OF MISSISSIPPI

COUNTY OF HANCOCK

# EXHIBIT "A"

## ATTORNEY'S CERTIFICATE OF COMPLIANCE

Personally appeared before me the undersigned authority in and for said county and state, Zach Butterworth, who after being first duly sworn, states on oath the following:

1. That Affiant is one of the named attorneys for the Plaintiffs in the above and foregoing Complaint and hereby certifies that prior to filing said Complaint, Affiant gave Defendant Eric Ormseth, M.D. and Defendant Gastroenterology Center of the Midsouth, P.C. the proper notice as required under Section 15-1-36, Miss. Code Ann. (1972), as amended, by certified letters, return receipt requested, dated January 26, 2009, addressed to their business address, and that a response was received during the sixty (60) day notice period, but no resolution to this claim was reached.

2. Affiant further states that pursuant to Section 11-1-58, Miss. Code Ann. (1972), as amended, he has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care and negligence required by Defendants and who Affiant believes is knowledgeable in the relevant issues involved in this particular action, and Affiant has concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

_____
ZACH BUTTERWORTH (MSB # 9946), Affiant

SWORN TO AND SUBSCRIBED BEFORE ME, this the 13TH day of April, 2009.

(SEAL)



NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

CHRISTINE R. BUXTON and
GLENN BUXTON                                                                PLAINTIFFS

v.

CIVIL ACTION NO. CV2009-0114

ERIC ORMSETH, M.D. and
GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C.         DEFENDANTS

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Clerk of Court of DeSoto County, Mississippi

PLEASE TAKE NOTICE that Defendants, Eric Ormseth, M.D. and Gastroenterology Center of the MidSouth, P.C., have this date filed a Notice of Removal, a copy of which is attached to this Notice, in the office of the Clerk of the United States District Court for the Northern District of Mississippi, removing this case from the Chancery Court of DeSoto County, Mississippi to the United States District Court for the Northern District of Mississippi.

PLEASE TAKE FURTHER NOTICE that the proceedings and the Notice of Removal are in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and that pursuant to 28 U.S.C. § 1446(d), the proceedings presently pending in the Chancery Court of DeSoto County, Mississippi, shall proceed no further unless and until the case is remanded by the United States District Court.

Respectfully submitted,

Charles F. Morrow (#13890)
Ben J. Scott (#023879)
Attorneys for Defendants

FILED
JU[N] 11
_____
Circuit Court Clerk, DeSoto County, MS

EXHIBIT
C

OF COUNSEL:

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone:(901) 680-7200
Facsimile:(901) 680-7201

## CERTIFICATE OF SERVICE

    I, Ben J. Scott, one of the attorneys for Defendants, do hereby certify that I have caused to be served a true and correct copy of the above and foregoing instrument by mailing same via U.S. Mail, postage prepaid, to the following this the 11th day of June, 2009:

    Zach Butterworth
    Gary Yarborough, Jr.
    Hesse & Butterworth, PLLC
    841 Highway 90
    Bay St. Louis, MS 39520

_____
Ben J. Scott

Memphis 1216168v.1

## AFFIDAVIT OF ERIC ORMSETH, M.D.

STATE OF TENNESSEE  )
                    )
COUNTY OF SHELBY    )

I, Eric Ormseth, M.D., being first duly sworn do hereby testify, state and affirm as follows:

1. I am over eighteen years of age, of sound mind and have personal knowledge of the matters set forth in this affidavit.

2. I am a resident of the State of Tennessee and have been since July 2003.

3. At no time have I resided in the State of Mississippi.

FURTHER AFFIANT SAYETH NOT

_____
Eric Ormseth, M.D.

Sworn and subscribed before me this 10th day of June, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

Lori J. LeBlanc
Mississippi Statewide Notary Public
My Commission Expires May 8, 2010
Memphis 1216249v.1



EXHIBIT
D