IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHRISTINE R. BUXTON and
GLEN BUXTON                                                                       PLAINTIFFS

VS.                                                    CIVIL ACTION NO.: 2:09CV99-MPM-JMV

ERIC ORMSETH, M.D. and
GASTROENTEROLOGY CENTER OF THE MIDSOUTH, P.C.            DEFENDANTS

**ORDER**

This matter came before the court on the motion of the defendants to strike opinion testimony of plaintiffs' treating pathologist, Dr. Luan D. Troung, M.D. (#117). The motion will be denied:

Local Rule 26(a)(3) states that:

> If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under FED.R.CIV.P. 37(a). The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED.R.CIV.P.37©. *Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived.*[emphasis added]

The rules are clear that where a party believes a designation to be insufficient, that party must challenge the designation no later than thirty (30) days before the discovery deadline, which in this case expired on September 6, 2011.

The defendant in this matter did not challenge Dr. Truang's designation until after discovery in this case was already closed. The court recognizes Defendant's argument that it was not able to comply with Local Rule 26 because it was not until it took the deposition of Dr.

Truong on August 5, 2011, and August 15, 2011, that it had reason to know that Plaintiff intended to offer Dr. Truong on causation. In fact, the defendant repeatedly represents to the court that it did not know of Dr. Truong's intent to testify as to causation until his deposition. However, the court's review of the docket indicates that on May 27, 2011, the plaintiff designated Dr. Truong as a non-retained expert on, inter alia, the subject of causation, reciting, in particular, that he "will testify regarding his findings in the pathology report for Mrs Buxton, and that her ingestion of oral sodium phosphate caused or contributed to her renal failure."

The court is at a loss for a legitimate explanation of how, in the face of such designation, the defendant can assert that it was "surprised" to learn, and did not learn, until Dr. Truong's deposition that he so intended to testify.[1]

The defendant's further assertion that the disclosure as made on May 27, 2011, is inadequate because it lacks specificity, fails for the same reason . It is untimely. The plaintiff waited four months and until after the discovery deadline to bring this challenge before the Court.

IT IS, THEREFORE, ORDERED that the defendants' motion to strike is hereby DENIED.

SO ORDERED, this the 14th day of October 2011.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1]The court notes that, in any event, Dr. Truong's deposition was initiated on August 5, 2011 and reconvened on August 15, 2011, and it was not until almost four weeks later that the current motion was filed.